UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORA JO BOROWSKY,<br><br>    Plaintiff,<br><br>    v.<br><br>HAMILTON BEACH BRANDS, INC., et al.,<br><br>    Defendants. | Case No. 25-cv-02364-JSC<br><br>**ORDER RE DEFENDANT'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT**<br><br>Re: Dkt. No. 22 |

Plaintiff Borowsky brings this action on behalf of a putative class of California consumers, alleging Defendant Hamilton Beach Brands issued express product warranties in violation of California Civil Code § 1793.01. Based on this allegation, Plaintiff asserts two causes of action: 1) violation of the Song-Beverly Act, Cal. Civ. Code § 1790 *et seq.*, and 2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*. Defendant moves to dismiss the Class Action Complaint (Dkt. No. 1[1]) pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of standing, and Rule 12(b)(6), for failure to state a claim.

Having reviewed the parties' submissions, and with the benefit of oral argument on June 26, 2025, the Court GRANTS the motion to dismiss. Plaintiff has failed to plausibly allege an injury in fact sufficient to confer Article III standing.

**FACTUAL ALLEGATIONS**

Plaintiff purchased the Hamilton Beach Easy Reach 4-Slice Countertop Toaster Oven via Amazon.com on January 9, 2025. (Dkt. No. 1 ¶¶ 6, 14.) The appliance was delivered to her on January 11, 2025. (*Id*. ¶ 15.) Defendant offers an express warranty against defects in material and

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  workmanship for one year from the date of purchase.  (*Id*. ¶ 16.)  Based on the timing of purchase,
2  the product is still within the warranty period.  Plaintiff does not allege that her appliance has
3  exhibited any defects or that she has submitted any warranty claims to Defendant.
4        To advance her claims under the Song-Beverly Act and the UCL, Plaintiff asserts
5  Defendant violated California Civil Code § 1793.01, which states "[a] manufacturer, distributor,
6  or retail seller shall not make an express warranty with respect to a consumer good that
7  commences earlier than the date of delivery of the good."  (*Id*. ¶ 2.)  By commencing the warranty
8  period on the date of purchase—rather than the date of delivery—Plaintiff alleges Defendant
9  "short-changed the full value of [the] warranties."  (*Id*. ¶¶ 3, 18.)  She contends had she "been
10 aware that Defendants' warranty practices did not comply with the law, [she] either would not
11 have purchased their products or would have paid less for them."  (*Id*. ¶ 47.)

## DISCUSSION

13       Article III of the United States Constitution "confines the federal judicial power to the
14 resolution of 'Cases' and 'Controversies.'"  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423
15 (2021).  Therefore, a plaintiff has standing to sue in federal court only when he can show "(i) that
16 he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the
17 injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by
18 judicial relief."  *Id*.  "[U]nder Article III, an injury in law is not an injury in fact.  Only those
19 plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that
20 private defendant over that violation in federal court."  *Id*. at 427 (emphasis in original).  An injury
21 in fact cannot be speculative or based on "contingent events," such that "the plaintiff likely will
22 not have suffered an injury that is concrete and particularized" unless such events occur.  *Bova v.*
23 *City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009).
24       "The party asserting federal subject matter jurisdiction bears the burden of proving its
25 existence."  *Chandler v. State Farm Mut. Auto. Ins. Co*., 598 F.3d 1115, 1122 (9th Cir. 2010).  A
26 motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may assert a factual or facial
27 challenge to jurisdiction.  *3taps, Inc*., 2022 WL 16953623 at *4 (citing *Safe Air for Everyone v.*
28 *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).  A factual challenge "disputes the truth of the

allegations that, by themselves, would otherwise invoke federal jurisdiction," while a facial challenge argues "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.  To resolve a factual challenge, the court "may review evidence beyond the complaint" and "need not presume the truthfulness of the plaintiff's allegations." *Id*. at 1038.  The court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor . . . ." *3taps, Inc.*, 2022 WL 16953623 at *4 (citing *Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014)).  Defendant submitted the declaration of Nicholas J. Hoffman in support of the motion, in which counsel for Defendant recounted conversations with Plaintiff's counsel to resolve the dispute prior to filing the instant motion. (Dkt. No. 22-3.)  On reply, Defendant notes the declaration is not necessary to resolve the motion. (Dkt. No. 27 at 17.)  So, the Court considers this motion under Rule 12(b)(1) to be a facial attack on subject-matter jurisdiction.[2]

Turning to the merits, Plaintiff's alleged injury is too speculative to establish standing. Plaintiff has not alleged her appliance is broken or malfunctioned.  She has not alleged she submitted any claim under the warranty that was denied.  Rather, she seeks a remedy for a violation of California Civil Code § 1793.01, which, she argues, resulted in two fewer days of warranty coverage.  This cannot suffice to establish injury in fact, as it relies on a statutory violation with only speculative harm.  "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *TransUnion LLC*, 594 U.S. at 427.  True, Section 1793.01 requires an express warranty to commence on the date of delivery, and Defendant's express warranty begins on the date of purchase.  But mere statutory violation without accompanying harm cannot confer

---

[2] Defendant also requests the Court take judicial notice of the Hamilton Beach express warranty, or consider it incorporated by reference.  (Dkt. No. 22-1.)  The Court may consider unattached evidence on which a complaint necessarily relies if the complaint refers to the document, the document is central to the plaintiff's claim, and no party questions the authenticity of the document. *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).  Here, neither party disputes the authenticity of the warranty, and the Class Action Complaint relies on this warranty as the basis of Plaintiff's claims.  Therefore, the Court considers the warranty incorporated by reference.

1 standing.  The present allegations are many steps removed from a concrete injury.  To wit,

2 Plaintiff's injury would arise if (1) her appliance was defective, (2) she submitted a warranty

3 claim, (3) that warranty claim was submitted within the two days that differentiate the warranty

4 period based on the purchase date from the warranty period starting on the delivery date, and (4)

5 that claim was then denied.  On these allegations, Plaintiff has not plausibly alleged standing to

6 advance her claims in federal court.

7       To counter, Plaintiff argues she suffered concrete economic harm because the value of the

8 warranty was reduced by two days, and had she known the warranty was unlawful, she would

9 have paid less for the product.  (Dkt. No. 1 ¶¶ 18, 47.)  This conclusory allegation is implausible.

10 Plaintiff's injury theory relies on misrepresentation—Defendant either omitted key information

11 about the warranty or misrepresented its terms to Plaintiff, and so Plaintiff overpaid for the

12 product.  However, she does not allege as much.  Plaintiff had access to the warranty's terms,

13 including its start date, via Defendant's website.  (*Id.* ¶ 17.)  The warranty states it commences on

14 the date of purchase, and that is the warranty she got.  (*Id.*)  Plaintiff cannot plausibly allege she

15 would have paid less had she known the warranty did not comply with California law because she

16 alleges Defendant's website discloses the warranty did not comply with California law.[3]  So,

17 Plaintiff has not alleged any concrete injury from the alleged California law violation and thus

18 lacks Article III standing.

19       Plaintiff's cited authority does not persuade the Court otherwise.  In *Kalcheim v. Apple,*

20 *Inc*, No. 2:16-CV-09324-ODW, 2017 WL 3443208, at *1 (C.D. Cal. Aug. 10, 2017), the plaintiff

21 purchased a MacBook Pro and AppleCare warranty plan.  *Id.*  Apple allegedly "shorted" the

---

[3] It remains an open question in the Ninth Circuit whether an "overpayment" theory of injury is available outside the misrepresentation context.  *See Bowen v. Energizer Holdings, Inc*., 118 F.4th 1134, 1145 n.10 (9th Cir. 2024).  That said, the only Ninth Circuit case suggesting such injury exists outside misrepresentation claims is distinguishable from the instant case.  In *Birdsong v. Apple, Inc.*, 590 F.3d 955, 961 (9th Cir. 2009), the plaintiff argued Apple's headphones created a risk of future hearing loss, and they would not have paid as much for the product had they known.  The Ninth Circuit rejected this argument on the ground that the alleged "defect" was not cognizable.  *Id.*  Later, in *McGee v. S-L Snacks Nat'l*, the court noted "*Birdsong* arguably may be read to suggest that, at least in the context of a hidden defect, economic injury can be established on an overpayment theory absent misrepresentations."  982 F.3d 700, 707 (9th Cir. 2020).  Regardless, Plaintiff here does not allege a hidden product defect, and, according to her own allegations, the warranty's terms were publicly available prior to her purchase.

4

warranty plan by commencing the warranty period four days prior to the plaintiff's receipt of the laptop. *Id*. The court subsequently denied Apple's motion to dismiss for lack of standing, concluding the "warranty-shorting" constituted a concrete injury. *Id*. at *2. In support, the court reasoned the loss of four days of warranty coverage "reduced the value of the warranty." *Id*. at *3. By initiating the warranty period prior to the plaintiff's receipt of the laptop, the warranty shifted "less risk from the consumer to Apple than if the warranty had not been shorted." *Id*. The court ultimately determined "the shifting of risk from the consumer to Apple during the warranty period itself has value independent of any claims actually filed under the warranty." *Id*.

To start, *Kalcheim* was decided prior to the Supreme Court's clarification of standing in *TransUnion LLC*. Further, the decision did not cite to any legal authority for the proposition that a shortened warranty period constitutes a concrete injury when the consumer has not invoked the warranty for any product repair. And finally, *Kalcheim* is distinguishable on its facts. There, the AppleCare warranty was a separately bargained-for product—it did not come with the laptop but was purchased. *Id*. Under a benefit-of-the-bargain theory of injury, a plaintiff "must do more than allege that she 'did not receive the benefit she *thought* she was obtaining.'" *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 706 (9th Cir. 2020) (citation omitted) (emphasis in original). Rather, "[t]he plaintiff must show that she did not receive a benefit for which she actually *bargained*." *Id*. (emphasis in original). The *Kalcheim* plaintiff bargained for the AppleCare warranty independent from the purchase of the laptop, and per the court's analysis did not receive the full warranty period he paid for. In contrast, Plaintiff does not allege she separately bargained for the warranty at issue, and she received exactly the warranty she was promised and paid for—a warranty starting on the date of purchase. (Dkt. No. 1 ¶ 17.) Consequently, *Kalcheim* does not aid Plaintiff's claims.[4]

The remaining cases cited by Plaintiff fare no better. In *Schaer v. Newell Brands Inc.*, the

---

[4] Pursuant to Civil Local Rule 7-3(d)(2), Plaintiff submitted a Statement of Recent Decision, noting *Itzhak, et al. v. Keurig Dr. Pepper, Inc., et al.*, No. 8:25-CV-00235-KES (C.D. Cal. June 11, 2025). (Dkt. No. 31.) There, the court cited *Kalcheim* approvingly to determine the plaintiff had plausibly alleged an injury under circumstances similar to those alleged here. *Id*. The *Itzhak* court did not consider the reasons this Court has articulated for distinguishing *Kalcheim*. Therefore, the Court similarly finds *Itzhak* unpersuasive.

plaintiff alleged she purchased a coffee maker, and the defendant's warranty terms on the product contained an "unlawful repair restriction." No. 3:22-CV-30004-MGM, 2023 WL 2033765, at *1 (D. Mass. Feb. 16, 2023). After the product exhibited minor malfunctioning, the plaintiff attempted her own repair, which she alleged unlawfully voided the warranty. *Id*. Though the plaintiff never invoked the warranty or requested repair from the defendant, the court determined she had standing for her statutory and fraudulent omission claims based on the unlawful repair restriction—though it was "a close question." *Id*. After reviewing the reasoning in *Schaer*, the Court is not persuaded to follow. First, the *Schaer* court did not reckon with *TransUnion LLC*. Second, the opinion did not engage with Ninth Circuit precedent regarding overpayment injuries outside the misrepresentation context. *See, e.g.*, *Bowen*, 118 F.4th at 1145; *McGee*, 982 F.3d at 707. And third, several district courts have distinguished the reasoning in *Schaer* from allegations such as those Plaintiff presents here. *See, e.g.*, *Ivo Kolar v. Nespresso USA, Inc*., No. 24-CV-11235-GW, 2025 WL 1717279, at *4 (C.D. Cal. June 13, 2025), *adopted sub nom. Kolar v. Nespresso USA, Inc*., No. 24-CV-11235-GW, 2025 WL 1717278 (C.D. Cal. June 16, 2025); *Shaughnessy v. Nespresso USA, Inc.*, No. 22-CV-6815-NRB, 2023 WL 6038009, at *6-7 (S.D.N.Y. Sept. 15, 2023); *Konkel v. Brother Int'l Corp.*, No. 22-CV-00479-ZNQ, 2023 WL 3585354, at *6 (D.N.J. May 22, 2023).

Plaintiff could be correct that Defendant's warranty terms violate California Civil Code § 1793.01. But until the alleged statutory violation causes Plaintiff concrete injury, Article III's standing requirement precludes federal suit.

## CONCLUSION

Accordingly, the Court GRANTS Defendant's motion to dismiss for lack of subject-matter jurisdiction. At oral argument, Plaintiff could not articulate a basis for standing beyond the present allegations. Since amendment would be futile, no leave to amend is granted. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Judgment will be entered in favor of Defendant, without prejudice.

//

//

1   This Order disposes of Docket No. 22.

2   **IT IS SO ORDERED.**

3   Dated: June 27, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge